OPINION
{¶ 1} Defendant John Porter appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him on one of count of abduction in violation of R.C.2905.02 after a jury found him guilty. Appellant assigns a single error to the trial court:
 {¶ 2} "Did the Trial Court err and fail to make the explicit findings that demonstrate why the minimum term of imprisonment should not have been imposed per ohio revised Code 2929.14 (b) and for not considering mitigating factors per the purposes and principles of felony sentencing?"
 {¶ 3} At trial, the State presented evidence appellant's sister-in-law visited appellant and his wife. The sister-in-law had a history of psychotic and suicidal episodes, and was on medication. The sister-in-law testified appellant had taken her medication and would not return it. She also testified appellant refused to take her to the hospital.
 {¶ 4} On September 5, 2003, the sister-in-law became upset and slashed her wrists with a plastic shaving razor. Appellant attempted to restraint her by tying her wrists with a leather belt, as he believed the hospital would do. The sister-in-law freed herself from the belt, so appellant tied her wrists and ankles with plastic ties.
 {¶ 5} When his sister-in-law freed herself again, she attempted to leave the home. Appellant restrained her physically, and played video tapes from various TV evangelists and preachers, and quoted scripture to her. That night, appellant's wife slept in her sister's room with her to make sure she was safe.
 {¶ 6} The next day, the sister-in-law attempted to flee the home, but appellant and his wife pursued her. Ultimately, appellant physically restrained his sister-in-law in the middle of the road. A passing motorist asked if they needed assistance, but appellant asked him not to call anyone because he feared his sister-in-law would be committed to the hospital. His sister-in-law requested the passerby call the sheriff or paramedics or someone, whereupon the passerby dialed 911. The paramedics arrived and observed appellant restraining the sister-in-law, and transported her to Aultman Hospital.
 {¶ 7} The trial court sentenced appellant to a three-year prison term. Appellant argues the court should have sentenced him to the shortest legal prison term, which would have been one year.
 {¶ 8} Pursuant to R.C. 2953.08, appellant must demonstrate by clear and convincing evidence the sentence is contrary to law. Clear and convincing evidence is less than beyond a reasonable doubt, but adequate to produce in the trier of fact a firm belief as to the facts to be established, see State v. Schiebel
(1990), 55 Ohio St.3d 71, 564 N.E.2d 54.
 {¶ 9} The State concedes pursuant to R.C. 2929.14 (B), because appellant had not previously served a prison term, there is a presumption the shortest prison term is appropriate unless the trial court finds the shortest prison term will demean the seriousness of the offender's conduct, or will not adequately protect the public from future crimes by the offender or others. Although appellant admits the trial court made the appropriate findings, he urges he did not intend to harm his sister-in-law, but rather was attempting to help her.
 {¶ 10} The trial court asked appellant if he had anything to say in mitigation, whereupon appellant informed the court he did not believe he was guilty of any crime. The trial court found appellant had no remorse, and refused to admit his actions were contrary to law.
 {¶ 11} During the pendency of this appeal, the Supreme Court announced its opinion in State vs. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473. In Comer, the Supreme Court held when imposing a non-minimum felony sentence on a first time offense, the trial court is required to make the statutorily required findings at the sentencing hearing.
 {¶ 12} We have reviewed the record, and we find the trial court addressed appellant and made the statutorily required findings. Specifically, the trial court noted if it sentenced appellant to more than the minimum, it must make specific findings. The trial court found it was appropriate to exceed the minimum in order to not demean the seriousness of the crime and also to protect other citizens of the State of Ohio. The trial court also found the shortest prison term would not adequately protect the public from future crimes.
 {¶ 13} We find the trial court did not err in sentencing appellant to more than the minimum sentence.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, P.J., Edwards, J., and Boggins, J., concur.